1

2

3

4

5

6

7

8

9

10

11

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 12 | **LEOBARDO LERMA,** | **1:06-cv-01238-AWI WMW HC** |
| 13 | **Petitioner,** | **FINDINGS AND RECOMMENDATIONS RE** |
| 14 | **vs**. | **MOTION TO DISMISS PETITION FOR WRIT OF** |
| 15 | | **HABEAS CORPUS** |
| 16 | **ALBERTO GONZALEZ, et al.,** | **[Doc. 14]** |
| 17 | **Respondents.** | |
| 18 | | |

19

20

21          At the time he filed the present  petition for a writ of habeas corpus pursuant to 28

22   U.S.C. § 2241, Petitioner was detained by the United States Bureau of Immigration and

23   Customs Enforcement  ("BICE").  The matter was referred to a United States Magistrate

24   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court

25   is Respondent's motion to dismiss.

26          In the petition filed, Petitioner alleges that his detention pursuant to 8 U.S.C. §

27   1231(a)(2) is indefinite and violates his substantive and procedural due process rights under

28   the Due Process Clause of the Fifth Amendment of the United States Constitution.  Petitioner

1    also asserts that his detention is in violation of Respondent's statutory authority.

2            On February 15, 2007, Respondent filed a motion to dismiss this petition as moot.

3    Petitioner has not responded to Respondent's motion.

4            The case or controversy requirement of Article III of the United States  Constitution

5    deprives the court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler,

6    464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of

7    Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues

8    presented are no longer 'live' or the parties lack a legally cognizable interest in the

9    outcome."  Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal

10   Court is "without power to decide questions that cannot affect the rights of the litigants

11   before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per*

12   *curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-

13   464 (1937).  To satisfy the Article III case or controversy requirement, a litigant "must have

14   suffered some actual injury that can be redressed by a favorable judicial decision."  Iron

15   Arrow, 464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S.

16   26, 38, 96 S.Ct. 1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.

17           In the present case, Respondent provides evidence that Petitioner has been removed

18   and is no longer in detention.  A petition for writ of habeas corpus is rendered moot when the

19   petitioner is released from custody, unless the petitioner is able to demonstrate that some

20   collateral, ongoing consequence would result without habeas relief.  See Spencer v. Kemma,

21   523 U.S. 1, 14 (1998).  Here, no such collateral consequence is alleged.  Accordingly, the

22   court finds that this petition has been rendered moot.

23           Based on the foregoing, IT IS HEREBY RECOMMENDED:

24   1)      That Respondent's motion to dismiss be GRANTED;

25   2)      That this petition for writ of habeas corpus be DISMISSED as moot;

26   3)      That the Clerk of the Court be directed to terminate all pending motions, enter

27

28                                              2

1    judgment for Respondent and close this case.

2        These Findings and Recommendation are submitted to the assigned United States

3    District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

4    72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

5    California.  Within thirty (30) days after being served with a copy, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be

7    captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

8    objections shall be served and filed within ten (10) court days (plus three days if served by

9    mail) after service of the objections.  The court will then review the Magistrate Judge's

10   ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

11   objections within the specified time may waive the right to appeal the District Court's order.

12   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14

15   IT IS SO ORDERED.

16   **Dated:    April 17, 2007**                      **/s/  William M. Wunderlich**
                                                      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28                                       3